UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD GERARD CROCHET                            CIVIL ACTION

VERSUS                                           NUMBER: 18-13793

KRISTINE RUSSELL, ET AL.                         SECTION: "E"(5)

**REPORT AND RECOMMENDATION**

Using the standardized form that is provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the above-captioned matter was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Daniel Gerard Crochet, against Defendants, Lafourche Parish District Attorney Kristine Russell, Assistant District Attorney Rene Gautreaux, Detective Jeff Chamberlain of the Lafourche Parish Sheriff's Office, Deputy Clay Blanchard of the Lafourche Parish Sheriff's Office, Frank Garcia of the Louisiana State Police, and former District Attorney Camille Morvant, II. (Rec. doc. 5, pp. 1, 4).

Plaintiff is an inmate of the Lafourche Parish Detention Center following his August 2018 conviction for possession of child pornography and possession with intent to distribute marijuana in the Seventeenth Judicial District Court for the Parish of Lafourche. In his complaint, Plaintiff complains of the legality of the searches that uncovered the physical evidence that led to his conviction, the thoroughness and withholding of the State's forensic computer analysis, the effectiveness of his attorney, the presentation of false testimony, and the sufficiency of the evidence that was presented at his trial.[1] (Rec. doc. 5, pp. 4-7). Plaintiff

---

[1] Purported Fourth Amendment violations were unsuccessfully litigated by Plaintiff prior to trial. *State v. Crochet*, 200 So.3d 370 (La. 2016), *cert. denied*, __ U.S. __, 137 S.Ct. 1583 (2017).

asks that his conviction be overturned and that the named Defendant law enforcement officials be held accountable for their alleged wrongdoing. (*Id.* at p. 8).

Initially, the Court is required to examine plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state-court conviction or confinement. When a state prisoner attacks the very fact or length of his confinement, the appropriate procedural vehicle is a petition for writ of habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. *Caldwell v. Line*, 676 F.2d 494 (5th Cir. 1982); *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Johnson v. Hardy*, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state-court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973); *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas relief were previously presented to the state's highest court in a procedurally proper fashion. *Knox v. Butler*, 884 F.2d 849, 852 n.7 (5th Cir. 1989), *cert. denied*, 494 U.S. 1088, 110 S.Ct. 1828 (1990); *Dupuy v. Butler*, 827 F.2d 699, 702 (5th Cir. 1988).

Plaintiff's allegations against the named Defendants, which include accusations of improprieties by law enforcement officials, the prosecutors, and his counsel, clearly challenge the fact and duration of his confinement and must initially be pursued on habeas corpus grounds, but only after he has exhausted available state-court remedies with respect to such allegations. *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986). In that regard,

Plaintiff indicates on the face of his complaint, in answer to Question No. I(A) of the pre-printed §1983 complaint form, that he has not initiated any other lawsuits in state or federal court dealing with the same facts that are involved in this action or otherwise relating to his imprisonment. (Rec. doc. 5, p. 1). Accordingly, insofar as the instant matter can be construed as a request for habeas corpus relief it should be dismissed without prejudice for failure to exhaust available state-court remedies. *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

The Court must next determine whether any valid §1983 claims are raised by Plaintiff's complaint. For the reasons that follow, the Court answers that question in the negative. As for Defendants Russell, Gautreaux, and Morvant, any claim against them in their individual capacity is barred by the absolute prosecutorial immunity that they enjoy. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984 (1976); *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994); *Graves v. Hampton*, 1 F.3d 315, 317-18 (5th Cir. 1993). That immunity applies even where the prosecutors' acts were alleged to have been malicious, wanton, or negligent. *Rykes v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987). Construing Plaintiff's allegations as having been brought against the prosecutors in their official capacity, Plaintiff fares no better because he does not allege, much less identify, a policy or custom which allegedly caused the deprivation of his constitutional rights. *Rinker v. New Orleans District Attorney*, No. 10-CV-0810, 2010 WL 2773236 at *4-5 (E.D. La. Jun. 15, 2010); *adopted*, 2010 WL 2773383 (E.D. La. Jul. 12, 2010)(citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)). More importantly, common to all of the named Defendants is the overarching principle that, unless and until Plaintiff is able to have his conviction declared invalid by a state or federal tribunal authorized to make such a

determination, no §1983 claim comes into being. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994); *Thomas v. Pohlmann*, 681 Fed.Appx. 401, 406 (5th Cir. 2017); *Krueger v. Reimer*, 66 F.3d 75, 76 (5th Cir. 1995). For all these reasons, it will be recommended that Plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(ii). *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

## **RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state-court remedies.

IT IS FURTHER RECOMMENDED that Plaintiff's claims under 42 U.S.C. §1983 be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2/]

New Orleans, Louisiana, this   5th   day of   February  , 2019.

                                                 MICHAEL B. NORTH
                                      UNITED STATES MAGISTRATE JUDGE

---

[2/] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.