UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| DONALD GERARD CROCHET,<br>Plaintiff | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-13793 |
| KRISTINE RUSSELL, ET AL.,<br>Defendants | SECTION: "E" |

## ORDER AND REASONS

Before the Court is a Report and Recommendation issued by Magistrate Judge Michael North recommending Plaintiff Donald Crochet's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice, and further recommending Plaintiff's claims under 42 U.S.C. §1983 be dismissed with prejudice.[1] Petitioner objected to the magistrate judge's Report and Recommendation.[2] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation as its own and hereby **DISMISSES** Plaintiff's complaint.[3]

## BACKGROUND

Plaintiff Donald Gerard Crochet, *pro se*, was confined at the Lafourche Parish Detention Center[4] following his conviction in August 2018 for possession of child pornography and possession with intent to distribute marijuana in the Seventeenth Judicial District Court for the Parish of Lafourche. On January 28, 2019, Plaintiff filed the instant complaint, filled out on a form to be used by a prisoner in filing a complaint under the Civil Rights Act, 42 U.S.C. § 1983,[5] against Defendants, Lafourche Parish District

---
[1] R. Doc. 8.
[2] R. Doc. 10.
[3] R. Doc. 5.
[4] *Id.* at 2.
[5] R. Doc. 5. Plaintiff initially filed a complaint on December 14, 2018 that was deemed deficient. R. Doc. 1.

1

Attorney Kristine Russell, Assistant District Attorney Rene Gautreaux, Detective Jeff Chamberlain of the Lafourche Parish Sheriff's Office, Deputy Clay Blanchard of the Lafourche Parish Sheriff's Office, Frank Garcia of the Louisiana State Police, and former District Attorney Camille Morvant, II.[6] In his complaint, Plaintiff complains of the legality of the searches that uncovered the physical evidence that led to his conviction[7] and the thoroughness and withholding of the State's forensic computer analysis.[8] He further complains of the effectiveness of his attorney, the presentation of false testimony, and the sufficiency of the evidence that was presented at his trial.[9] Defendants have not filed an answer.

The Magistrate Judge's Report and Recommendation was filed on February 5, 2019.[10] Plaintiff filed an objection to the Report and Recommendation on March 14, 2019. In his objection, Plaintiff reviews many of his chief complaints, and, with respect to his complaint regarding the legality of the searches that uncovered the physical evidence that led to Plaintiff's conviction, adds: "confidential informant . . . rented my room from me and set me up knowing I never sold drugs [and] never had a history of selling drugs."[11]

## LEGAL STANDARD

In reviewing the Magistrate Judge's Report and Recommendations, the Court must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected.[12] The Court needs only to review the portions of the report to which

---

[6] R. Doc. 5 at 1, 4.
[7] *Id.* at 5. The Court notes purported Fourth Amendment violations were unsuccessfully litigated by Plaintiff prior to trial. *State v. Crochet*, 200 So.3d 370 (La. 2016), *cert. denied*, 137 S.Ct. 1583 (2017).
[8] *Id.* at 5-6.
[9] *Id.* at 6.
[10] R. Doc. 8.
[11] R. Doc. 10 at 1.
[12] *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").

there are no objections to determine whether they are clearly erroneous or contrary to law.[13]

## LAW AND ANALYSIS

### I. Habeas Corpus Relief

The Court's "first task is to determine if [Plaintiff's] suit, although labeled a § 1983 action, is in reality a habeas corpus action subject to the exhaustion requirements of 28 U.S.C. s 2254(b)."[14] "While a complainant in a § 1983 action who is not eligible for habeas corpus relief is not generally required to exhaust state remedies, [the Fifth Circuit] has made clear that when the suit in reality is challenging the validity of the conviction it amounts to a habeas corpus action and the party must have exhausted state remedies."[15]

"When a state prisoner attacks the fact or length of his confinement, the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under § 1983."[16] The Supreme Court has explained: "by allowing a prisoner to challenge his confinement under a § 1983 suit in federal court, Congress' intent that the states be given the first chance to decide such suits would be frustrated."[17] Therefore, "[a]lthough a state prisoner may generally bring a claim for damages under § 1983 without first exhausting state remedies, 'where the basis of the claim goes to the constitutionality of the state court conviction', habeas

---

[13] *Id.*
[14] *Caldwell v. Line*, 679 F.2d 494, 496 (5th Cir. 1982).
[15] *Id.* (citing *Fulford v. Klein*, 529 F.2d 377 (5th Cir. 1976), *adhered to en banc*, 550 F.2d 342 (1977); *Meadows v. Evans*, 529 F.2d 385 (5th Cir. 1976), *adhered to en banc*, 550 F.2d 345 (1977), *cert. denied*, 434 U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457 (1977); *Grundstrom v. Darnell*, 531 F.2d 272, 273 (5th Cir. 1976); *Watson v. Briscoe*, 554 F.2d 650, 652 (5th Cir. 1977); *Robinson v. Richardson*, 556 F.2d 332, 334-35 (5th Cir. 1977); *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979); *Keenan v. Bennett*, 613 F.2d 127, 128 (5th Cir. 1980); *Delaney v. Giarrusso*, 633 F.2d 1126, 1128 (5th Cir. 1981); *Courtney v. Reeves*, 635 F.2d 326, 330 (5th Cir. 1981); *Richardson v. Fleming*, 651 F.2d 366, 373 (5th Cir. 1981)).
[16] *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).
[17] *Id.* (referring to *Preiser*, 411 U.S. at 489-90)

corpus is the exclusive cause of action and the attendant requirement of exhaustion of state remedies controls."[18] "[T]he exhaustion requirement is satisfied if a claim has 'been presented once to the state's highest court'"[19] and "the habeas corpus applicant must 'present his claims before the [state] courts in a procedurally proper manner according to the rules of the state courts.'"[20]

As the Magistrate Judge stated, "Plaintiff's allegations against the named Defendants, which include accusations of improprieties by law enforcement officials, the prosecutors, and his counsel, clearly challenge the fact and duration of his confinement,"[21] and therefore must initially be pursued on habeas corpus grounds, but only after Plaintiff has exhausted available state-court remedies with respect to such allegations.[22] Because Plaintiff indicates on the face of his complaint he has not initiated any other lawsuits in state or federal court dealing with the same facts that are involved in this action or otherwise relating to his imprisonment,[23] insofar as the instant matter can be construed as a request for habeas corpus relief, the Court dismisses Plaintiff's complaint without prejudice for failure to exhaust available state-court remedies.[24]

## II. Section 1983 Claims

The Court next determines whether any valid § 1983 claims are raised by Plaintiff's complaint. The Supreme Court has explained:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

---

[18] *Id.* (quoting *Fulford*, 529 F.2d at 381).
[19] *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (quoting *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir. 1982), *modified on other grounds*, 691 F.2d 777 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983)).
[20] *Id.* (quoting *Carter*, 677 F.2d at 443).
[21] R. Doc. 8 at 2.
[22] *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986).
[23] R. Doc. 5 at 1.
[24] *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[25]

In this case, Plaintiff has not made the requisite showing that his conviction or sentence has already been invalidated by a state or federal tribunal authorized to make such a determination. Accordingly, none of Plaintiff's § 1983 claim against any of the defendants are cognizable.

Plaintiff's § 1983 claims brought against the district attorneys, Defendants Russell, Gautreaux, and Morvant, are also barred for the following additional reasons. "Criminal prosecutors [] enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case."[26] Accordingly, any claim against Defendants Russell, Gautreaux, and Morvant in their individual capacity is barred by the absolute prosecutorial immunity they enjoy. This immunity applies even where the prosecutors' acts were alleged to have been malicious, wanton, or negligent,[27] and extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom."[28]

Even construing Plaintiff's allegations to be made against the prosecutors in their official capacity, Plaintiff still fares no better. As the Fifth Circuit has explained:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other

---

[25] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).
[26] *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (citing *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993)); *see also Imbler v. Pachtman*, 424 U.S. 409 (1976).
[27] *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).
[28] *Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993) (quotation marks omitted).

5

local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.[29]

"In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted."[30] "To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official copy or custom."[31] "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity."[32] Instead, the plaintiff must identify the policy or custom which allegedly caused the deprivation of his constitutional rights.[33] In this case, Plaintiff does not even allege the purported violations here stemmed from an official policy or custom, much less identify such a policy or custom. Accordingly, Plaintiff's § 1983 claims against the prosecutors must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, is hereby **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state-court remedies.

**IT IS FURTHER ORDERED** that Plaintiff's claims under 42 U.S.C. § 1983 are hereby **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B)(ii).

**New Orleans, Louisiana, this 9th day of September, 2019.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[29] *Burge v. Parish of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999)
[30] *Spiller v. City of Texas City, Police Department*, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted).
[31] *Id.*
[32] *Colle v. Brazos County, Texas*, 981 F.2d 237, 245 (5th Cir. 1993).
[33] *See, e.g.*, *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003).